Filed 10/30/23  P. v. Hughes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096922 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR92856) |
| v. | |
| JOSHUA HUGHES, | |
| Defendant and Appellant. | |

Defendant Joshua Hughes pled guilty to maintaining a place for selling or using a controlled substance and was placed on probation for three years.  In August 2022, after three summary revocations of probation, the trial court terminated defendant's probation and sentenced defendant to eight months.  However, effective January 1, 2021, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950) (Stats. 2020, ch. 328, §§ 1, 2) amended Penal Code section 1203.1 to limit the maximum term of probation a trial

court could impose for most felony offenses, including defendant's, to two years.[1] On appeal, defendant argues that pursuant to Assembly Bill 1950, his probation should have been terminated before the probation violation that led to the termination of his probation occurred. Because the trial court terminated defendant's probation after Assembly Bill 1950 went into effect, we agree and will reverse the order revoking and terminating probation.

## I. BACKGROUND

In January 2015, defendant was granted three years' probation after pleading guilty to maintaining a place for selling or using a controlled substance (Health & Saf. Code, § 11366) in Tehama County Superior Court case No. NCR92856 (case No. 2856). In December 2016 the probation department filed a petition for revocation of probation, the trial court summarily revoked probation, defendant admitted the probation violation in April 2017, and the trial court reinstated probation. Eight months later the probation department filed a second petition for revocation of probation, the trial court again summarily revoked probation, defendant admitted the probation violation in June 2019, and the trial court again reinstated probation. After defendant admitted the second probation violation, the trial court added an additional year and tolled the period to defendant's probation period, extending defendant's time on probation to January 8, 2021.

On May 5, 2020, the probation department filed a third petition for revocation of probation alleging that defendant again violated the terms of his probation and his whereabouts were unknown. The next day, the trial court summarily revoked defendant's probation and issued a bench warrant. In May 2021, defendant was arrested on the warrant and released on a promise to appear. Defendant was in and out of warrant status

---

[1] Undesignated statutory references are to the Penal Code.

until he was arrested in May 2022 for possession for sale of a controlled substance (Health & Saf. Code, § 11351) in Tehama County Superior Court case No. 22CR-001169 (case No. 1169).

In July 2022, defendant filed a motion to terminate probation in case No. 2856. Defendant argued that under section 1203.1, as amended by Assembly Bill 1950, the trial court lacked jurisdiction to proceed on a violation of probation, because the alleged violation occurred after defendant had already been on probation for two years. At the formal probation hearing in July 2022, the trial court denied defendant's motion. Pursuant to a plea agreement, defendant then pled guilty to possession for sale of a controlled substance (Health & Saf. Code, § 11351) in case No. 1169 and admitted he violated probation in case No. 2856. In August 2022, the trial court sentenced defendant to two years in case No. 1169 and also terminated probation and imposed a consecutive eight months in case No. 2856. Defendant timely filed an appeal in case No. 2856 only.

## II. DISCUSSION

Defendant contends that Assembly Bill 1950 requires this court to vacate his sentence in case No. 2856. Specifically, defendant argues that Assembly Bill 1950 retroactively terminated his probation in January 2017, three years before the third probation violation; thus, the trial court lacked jurisdiction to summarily revoke his probation in 2020 and terminate his probation in 2022. The People agree on the broader point that Assembly Bill 1950 applies retroactively to any case not final as of the effective date, but disagree that the ameliorative benefits of Assembly Bill 1950 apply to this case. The People contend that because defendant's probation was properly summarily revoked before Assembly Bill 1950 took effect, the new legislation does not operate to retroactively invalidate the revocation of probation or divest the trial court of jurisdiction to adjudicate his third probation violation under related statutes. We agree with defendant.

3

Effective January 1, 2021, Assembly Bill 1950 amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances absent here. (Stats. 2020, ch. 328, § 2; § 1203.1, subd. (a); *People v. Lord* (2021) 64 Cal.App.5th 241, 244-246.) Because the new law mitigates punishment and there is no savings clause, it operates retroactively. (*In re Estrada* (1965) 63 Cal.2d 740, 748; *People v. Sims* (2021) 59 Cal.App.5th 943, 964; *Lord, supra,* at pp. 245-246.) We and other appellate courts have thus unanimously concluded that Assembly Bill 1950 "applies retroactively to defendants who were serving a term of probation when the legislation became effective on January 1, 2021; in such cases, the courts have acted to reduce the length of their probation terms." (*People v. Faial* (2022) 75 Cal.App.5th 738, 743, rev. granted May 18, 2022, S273840 (*Faial*), citing *People v. Greeley* (2021) 70 Cal.App.5th 609, 627, *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095, *People v. Schulz* (2021) 66 Cal.App.5th 887, 894-895, *Lord, supra*, at pp. 244-246, *Sims, supra*, at p. 964, & *People v. Quinn* (2021) 59 Cal.App.5th 874, 881-885.) However, appellate courts disagree as to whether Assembly Bill 1950 applies retroactively "when, as here, the defendant has engaged in misconduct that would constitute a probation violation under the original sentence, and that misconduct occurred before the bill's effective date, but more than two years after the defendant's sentencing." (*People v. Jackson* (2023) 93 Cal.App.5th 207, 212, rev. granted Sept. 13, 2023, S281267 (*Jackson*), citing *People v. Canedos* (2022) 77 Cal.App.5th 469, 469, rev. granted June 29, 2022, S274244 (*Canedos*) & *Faial, supra*, at p. 738.)

Our Supreme Court is now reviewing this question in cases from other districts, notably *Faial* and *Canedos*. The People rely on *Faial*, which held that Assembly Bill 1950 did not retroactively apply to a defendant whose probation was both summarily revoked and terminated prior to Assembly Bill 1950 taking effect. (*Faial, supra*, 75 Cal.App.5th at pp. 745-746, rev. granted.) Defendant relies on *Canedos*, which held that Assembly Bill 1950 applied retroactively to shorten the defendant's probation period

4

even when his probation was both summarily revoked and terminated prior to Assembly Bill 1950 taking effect, because his appeal was pending when Assembly Bill 1950 took effect. (*Canedos, supra*, 77 Cal.App.5th at pp. 474, 477, rev. granted.) More recently, in *Jackson*, a different division in the First District disagreed with their colleagues in *Faial* and relied on *Canedos* in holding that Assembly Bill 1950 applies retroactively to defendants whose probation is summarily revoked prior to Assembly Bill 1950's effective date but is not terminated until after Assembly Bill 1950's effective date. (*Jackson, supra*, 93 Cal.App.5th at pp. 211-212, rev. granted.) Here, as in *Jackson*, the trial court also summarily revoked defendant's probation before Assembly Bill 1950 took effect but did not terminate defendant's probation until after Assembly Bill 1950 took effect. We therefore agree with *Jackson* and hold that the *Estrada* presumption of retroactivity applies to this case, because neither the trial court's revocation of probation (a formal hearing was still pending) nor defendant's original conviction were final under *Estrada* when Assembly Bill 1950 took effect on January 1, 2021. (*Jackson, supra,* at p. 212, citing *Canedos, supra,* at pp. 473-474.)

For *Estrada* purposes, the finality of a case is determined by whether the "criminal prosecution or proceeding" against the defendant was "complete when the ameliorative legislation at issue took effect." (*People v. Esquivel* (2021) 11 Cal.5th 671, 678.) As the People concede, the central holding of *Esquivel* is that an order revoking probation does not render a case final for purposes of *Estrada*. (*Jackson, supra*, 93 Cal.App.5th at p. 213, rev. granted, citing *Canedos, supra*, 77 Cal.App.5th at p. 476, rev. granted.) Following the summary revocation of defendant's probation, a formal hearing on defendant's probation violation, where the trial court would decide whether there was a probation violation and whether to reinstate or terminate probation, was still pending when Assembly Bill 1950 took effect. (*People v. Leiva* (2013) 56 Cal.4th 498, 505, 516 (*Leiva*).) Despite the summary revocation of his probation before Assembly Bill 1950 took effect, the proceedings against defendant were not complete, thus, defendant's case

5

was nonfinal for the purpose of *Estrada*. (*Jackson, supra,* at p. 213, citing *Canedos, supra,* at p. 477.)**2**

Relying on *Faial,* the People argue that Assembly Bill 1950 did not "undertake to amend section 1203.2 or section 1203.3—the statutes that confer and address [a trial court's] authority" to revoke and terminate probation when a defendant has violated its terms. (*Faial, supra*, 75 Cal.App.5th at p. 744, rev. granted.) However, it was not necessary for the Legislature to also amend sections 1203.2 and 1203.3, because the Legislature amended section 1203.1, which governs the maximum length of a period of probation. (*Jackson, supra*, 93 Cal.App.5th at pp. 213-214, rev. granted.) It is well-settled that the trial court is not permitted to find a probation violation based on conduct that did not occur during the original probationary period. (*Leiva, supra*, 56 Cal.4th at pp. 514-515.) "[T]he conclusion that conduct occurring after the end of the two-year probationary term cannot constitute a violation of that probation does not involve any change in the operation of the preexisting rules governing probation violations and revocations, in a way that would have required some corollary amendment to sections 1203.2 or 1203.3." (*Jackson, supra,* at p. 214.) "The only retroactive alteration is to the length of a defendant's probationary term—not to the rules governing when misconduct must have occurred to constitute a violation of probation." (*Ibid.*)

Assembly Bill 1950 retroactively modified defendant's probationary period so that it ended in January 2017. The conclusion that his conduct in May 2020 cannot amount to a violation of that probation thus involves a simple application of the unmodified sections 1203.2 and 1203.3 to the modified probation term. As a result of the retroactive

---

**2** We note that, similar to *Jackson*, the case for retroactive application is even stronger here than in *Canedos*. In *Canedos*, the trial court terminated the defendant's probation before Assembly Bill 1950's effective date; whereas in this case defendant's formal hearing occurred when Assembly Bill 1950 was fully in effect.

application of Assembly Bill 1950, the trial court did not have jurisdiction to formally revoke and terminate defendant's probation, and we must reverse that order. We emphasize, however, that while criminal misconduct that occurs after a probation period as modified by Assembly Bill 1950 cannot constitute a *probation* violation, the People may still file new charges and prosecute based on that criminal misconduct. (*Jackson, supra*, 93 Cal.App.5th at pp. 217-218, rev. granted, citing *Canedos, supra*, 77 Cal.App.5th 469, rev. granted.)

### III. DISPOSITION

The order revoking and terminating probation in case No. NCR92856 is reversed. The matter is remanded with directions to enter an order modifying the term of probation imposed on January 21, 2015, to two years, in accordance with section 1203.1, subdivision (a); reinstating probation; and terminating that probation nunc pro tunc to January 21, 2017. The eight-month sentence in case No. NCR92856 is vacated. The clerk of the court is directed to amend the abstract of judgment and forward the abstract of judgment to the Department of Corrections and Rehabilitation.


/S/

_____

RENNER, J.


We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

KRAUSE, J.


7